### Edward Rodgers v. George Johnson.

1. INSTRUCTIONS—*With Nothing in the Evidence to Support Them.*— Instructions with nothing in the evidence to support them are erroneous.

Replevin.—Appeal from the Circuit Court of McLean County. The Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

FRANK Y. HAMILTON, attorney for appellant.

L. C. HAY, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant brought action in replevin against appellee to recover possession of a dry-pan. A trial by jury resulted in a verdict and judgment for a return of the property, to reverse which he appeals to this court, assigning for errors that the court admitted improper evidence, misdirected the jury, refused proper instructions, and that the verdict is against the law and the evidence of the case.

Appellant resides at Alton, Ill., where he is engaged in manufacturing brick, and was also interested in a brick plant at El Paso, Texas. He purchased a dry-pan of McGregor Brick Co., Bloomington, Ill., and appellee insists it was purchased for and as the property of the brick company at El Paso, and levied an attachment writ upon it, at the suit of Elder & Dunlop against the El Paso Brick Company. On the trial appellant and Rowson, the manager of McGregor Brick Co., testified that the pan was purchased by appellant for himself. He paid for it out of his own money, by personal check of $400, on Alton National Bank, took a bill of sale of the pan to himself individually, and ordered it shipped to his son at El Paso, Texas. Against this evidence it is contended by appellee that appellant bought the dry-pan for the El Paso plant; that he had frequently said and written in letters that he wanted a pan for that plant. In his testimony on the trial appellant admitted the pan was intended by him for the use of the El Paso plant; that such plant was not making money at that time; needed the use of a dry-pan; was unable to make the purchase, and desiring to help it along, he himself made the purchase on his own account, and was merely loaning the pan to the El Paso Brick Co., and that the shipment to his son was for such purpose. We are of the opinion the evidence fails to show any title or interest of the El Paso Brick Co. in the property, and there is no evidence tending to show it ever had possession or control of the dry-pan, and the instructions of the court to the jury based upon such alleged possession as

constituting *prima facie* evidence of ownership, had nothing in the evidence to support them, and for such reasons were misleading and erroneous. It may be true appellant bought the pan for such company, for its use, and this would be consistent with his ownership. For the reason that the verdict is against the evidence, and the court erred in its instruction to the jury, the judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.